1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                          **EASTERN DISTRICT OF CALIFORNIA**
10

| | | |
|---|---|---|
| 11 | JOSE A. ORTIZ, | )  Case No.: 1:15-cv-01370 - DAD - JLT |
| 12 | Plaintiff, | )  ORDER DIRECTING PLAINTIFF TO FILE A |
| 13 | v. | )  THIRD AMENDED COMPLAINT OR NOTIFY<br>)  THE COURT OF HIS WILLINGNESS TO |
| 14 | B. GARZA, et al., | )  PROCEED ONLY ON CLAIM FOUND TO BE<br>)  COGNIZABLE |
| 15 | Defendants. | ) |
| 16 | | ) |

17        Plaintiff Jose Ortiz alleges that on June 10, 2014, he was transported from the California

18 Substance Abuse Treatment Facility at Corcoran State Prison to a medical clinic, in a van driven by

19 Officer Garza.  He alleges Garza drove at a high speed and crashed the transport vehicle.  Dr. Chang

20 examined Plaintiff after the accident, but Plaintiff contends Dr. Chang failed to treat his injuries

21 properly.  Accordingly, Plaintiff contends Garza and Dr. Chang are liable for violations of his Eighth

22 Amendment right to be free from cruel and unusual punishment.  In addition, Plaintiff contends

23 Warden Sherman failed to adequately supervise Garza and Dr. Chang, and is thus liable for the civil

24 rights violations.

25        For the following reasons, the Court finds Plaintiff alleges facts sufficient to support his claim

26 against Garza, but fails to state cognizable claims against Dr. Chang and Warden Sherman.  Therefore,

27 Plaintiff is instructed either file a Third Amended Complaint, or notify the Court of his willingness to

28 proceed only on the cognizable claim in his Second Amended Complaint.

I.        **Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).  The Court must screen the Second Amended Complaint because an amended complaint supersedes the previously filed complaints. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

II.       **Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation.] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation.] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

2

*Iqbal*, 556 U.S. at 678 (citations omitted).  If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim. 28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim."  *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## III.     Section 1983 Claims

Plaintiff seeks to assert violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Pursuant to Section 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983.  To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff."  *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012).  An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In other words, "[s]ome culpable action or in action must be

3

attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

**IV.     Factual Allegations**

Plaintiff alleges that on June 10, 2014, he "was scheduled to be transported to the medical clinic for a C.T. scan." (Doc. 13 at 8)  Plaintiff asserts that before boarding the transportation vehicle, he "was shackled with waist restraints and hand cuffed." (*Id.*)  He boarded the vehicle and "was told to sit in a seat without seat belts or any other safety harnest (sic) to secure [him] in the seat." (*Id.*)

Plaintiff alleges that after Officer Garza began driving the vehicle, he was "flung out of [his] seat," and the prisoners "yelled to Defendant Garza to slow down." (Doc. 13 at 8)  In addition, Plaintiff reports he "yelled at the defendant B. Garza that she should slow down because he was being shaken side ways with the speed of the turns she was making." (*Id.* at 9)  Plaintiff reports that after they arrived at the clinic, "[a]s he exited the vehicle," he told Garza "she really needed to slow down because he was being placed in a dangrous (sic) position if she didn't." (*Id.*)  Plaintiff asserts that in response, Garza told him "to not make a big deal" and "stop [his] crying." (*Id.*)

After Plaintiff was seen at the medical clinic, he was shackled "and boarded the vehicle once again and placed in the same rear cage holding section," without seat belts or safety harnesses. (Doc. 13 at 9)  Plaintiff reports Garza "once again acelarated (sic) at a high speed causing Plaintiff and others to jerk out of their seats." (*Id.*)  He alleges he again yelled at Garza "to slow down," to which she yelled "shut up!" (*Id.*)  According to Plaintiff, "[r]ight before making it back to the prison yard," Garza "crashed the vehicle with an unknown stationary object that severely damaged the transportation vehicle." (*Id.* at 9-10)  Plaintiff reports he was "flung out of the seat violently in the back of the transportation vehicle, causing sever[e] pain." (*Id.* at 10)

Plaintiff alleges he was transported to the clinic after the accident. (Doc. 13 at 10)  He reports that while "he was trying to explain to the registered nurse what had happen[ed]," Garza yelled to the nurse, saying: "He is fine. I'll just buy them a pizza." (*Id.*)  He reports that "due to the symptoms Plaintiff was experiencing," the nurse referred Plaintiff to Dr. Chang." (*Id.*)

Plaintiff asserts that he told Dr. Chang "he was hurting." (Doc. 13 at 11)  However, Plaintiff contends Dr. Chang "did not want to hear Plaintiff's complaints." (*Id.* at 10)  He reports Dr. Chang

4

1  "did not see any signs of blood only bruises therefore he said Plaintiff was fine." (*Id.* at 11)  Plaintiff

2  alleges he was told "to shake it off." (*Id.*)  According to Plaintiff, he "continued to complain about pain

3  and discomfort," and on August 10, 2015, had surgery by another doctor who told Plaintiff the

4  condition "was caused by blunt force injury." (*Id.* at 11-12)  He contends "the only blunt force injury

5  [he] suffered was when he was injured in the crash that Defendant Garza caused." (*Id.* at 12)

6  He reports he "filed an Inmate Appeal 602," and Warden Sherman "was aware of Plaintiff's

7  allegations and refuse[d] to help or investigate." (Doc. 13 at 12)

8  **V.      Discussion and Analysis**

9  Based upon the foregoing facts, Plaintiff contends Defendants are liable for violations of the

10  Eighth Amendment (Doc. 13 at 13-17), which protects inmates from inhumane methods of punishment

11  and conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465

12  F.3d 1041, 1045 (9th Cir. 2006).  One of the "basic human needs" that prison officials must provide is

13  personal safety, and prison officials have a duty to take reasonable steps to protect inmates from

14  physical harm. *Hoptowit v. Ray*, 682 F.2d 1237, 1247, 1250-51 (9th Cir. 1982).  Similarly, prison

15  officials are obligated to provide adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04

16  (1976); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) ("[p]rison officials have a duty to

17  ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and

18  personal safety").  To state a claim for a violation of these duties under the Eighth Amendment, a

19  plaintiff must allege facts sufficient to support the conclusion that prison officials were deliberately

20  indifferent to a substantial risk of serious harm. *Farmer*, 511 U.S. at 834.

21  Deliberate indifference in this context is a high standard, present only where the prison official

22  "knows of and disregards an excessive risk to [the prisoner's] health and safety." *Farmer*, 511 U.S. at

23  837; *Toguchi v. Chung*, 291 F.3d 1051, 1060 (9th Cir. 2004).  In other words, "the official must both

24  be aware of facts from which the inference could be drawn that a substantial risk of serious harm

25  exists, and he must also draw the inference." *Id.*  When a defendant should have been aware of the

26  risk of substantial harm to the prisoner but was not, "then the person has not violated the Eighth

27  Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188.

28  ///

5

## A.     Safety

A prison official's failure to provide seatbelts or restraints in a transportation vehicle "does not, standing alone, give rise to a constitutional claim." *Jabbar v. Fischer*, 683 F.3d 54, 57-58 (2d. Cir. 2012); *see also Spencer v. Knapheide Truck Equip. Co*., 183 F.3d 902, 906 (8th Cir. 1999) (rejecting the claim that the use of transportation vehicles "without safety restraints" exposes prisoners to a "substantial risk of serious harm").  As the Second Circuit explained,

> A bus seatbelt is not a life necessity. While seatbelts may offer "reasonable safety" for the general public, on a prison bus their presence could present safety and security concerns. Inmates, even handcuffed or otherwise restrained, could use seatbelts as weapons to harm officers, other passengers, or themselves. A correctional facility's use of vehicles without seatbelts to transport inmates, when based on legitimate penological concerns rather than an intent to punish, is reasonable.

*Jabbar,* 683 F.3d at 58 (internal citations omitted).  However, allegations that a prison official drove a transportation vehicle recklessly, while aware that the inmates lack safety restraints, may constitute a violation of the Eighth Amendment.  *See Brown v. Fortner,* 518 F.3d 552, 561 (8th Cir. 2008) ("driving recklessly while transporting a shackled inmate who had been denied the use of a seatbelt and ignoring requests to slow down violated the constitutional prohibition against cruel and unusual punishment").

Accordingly, this Court has determined a plaintiff may state a cognizable claim for a violation of the Eighth Amendment when the prison official "plac[es] a shackled inmate in a van without benefit of seatbelts and then driv[es] recklessly." *Jamison v. YC Parmia Ins. Grp*., 2015 U.S. Dist. LEXIS 165221 at *7, 2015 WL 8276333 at *3 (E.D. Cal. Dec. 9, 2015), *adopted in full* 2016 U.S. Dist. LEXIS 8407 (E.D. Cal. Jan. 25, 2016) (citing *Brown,* 518 F.3d at 561; *Wilbert v. Quarterman*, 647 F.Supp.2d 760, 769 (S.D. Tex. 2009)).  Specifically, in *Jamison*, the plaintiff alleged he was shackled and placed in the transportation vehicle without seatbelts, and the defendant drove "recklessly, at a speed of 80 miles per hour." *Id.*, 2015 WL 8276333 at *3.  The Court determined these allegations were sufficient to state a claim against the officer for a violation of the Eighth Amendment.

Similarly, here, Plaintiff alleges he was shackled and placed in the transportation vehicle without seat belts or a safety harness.  (Doc. 13 at 9)  He alleges Garza accelerated "at a high speed causing Plaintiff and others to jerk out of their seats."  (*Id.*)  Plaintiff asserts he yelled at Garza "to

6

slow down," to which she yelled "shut up!"  (*Id.*)  Before they made it to the prison yard, Garza "crashed the vehicle with an unknown stationary object that severely damaged the transportation vehicle."  (*Id.* at 9-10)  Because Plaintiff alleges Garza was aware the prisoners did not have safety restraints, yet drove at high speeds and hit a stationary object, he alleges facts sufficient to allege she acted with deliberate indifference to his safety in violation of the Eighth Amendment.[1]  *See Jamison*, 2015 WL 8276333 at *3; *Brown*, 518 F.3d at 560-61 (finding that guard who knew inmates were unseatbelted and shackled, yet disregarded their pleas to slow down, and drove recklessly by speeding was liable for a violation of the Eighth Amendment and was not entitled to qualified immunity).  Thus, Plaintiff alleges facts sufficient to state a cognizable claim against Officer Garza.

Significantly, however, Plaintiff fails to make any factual allegations linking Dr. Chang or Sherman to the prisoner transport or the crash.  Consequently, Plaintiff fails to state claims for violations of his right to personal safety by Dr. Chang and Warden Sherman.  *See Rizzo*, 423 U.S. at 371-72; *Brown*, 518 F.3d at 560-61.

**B.     Medical Care**

As noted above, Plaintiff alleges defendants are liable for failure to provide adequate medical care in violation of the Eighth Amendment.  To state a cognizable claim for failure to provide adequate medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.

1.     Serious medical need

A serious medical need exists "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (quoting *Estelle,* 429 U.S. at 104).  Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an

---

[1] Notably, Plaintiff previously alleged that "Garza was driving at a high rate of speed on the return trip to the California Substance Abuse Treatment and State Prison," but did not offer any concerns about how she drove to the medical clinic.  (Doc. 8 at 4)  Similarly, Plaintiff did not allege he had requested Garza slow down when she was driving.  (*See id.*)

1   individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-60 (citing

2   *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990).

3       In the Second Amended Complaint, Plaintiff does not clearly identify his serious medical

4   need(s), although he alleges a register nurse referred Plaintiff to Dr. Chang "due to the symptoms

5   Plaintiff was experiencing."[2]  (Doc. 13 at 11)  In addition, Plaintiff later had surgery "in his lower

6   area."[3]  (*Id.*)  Thus, Plaintiff alleges facts sufficient to support a conclusion that he had a serious

7   medical need.  *See McGuckin v. Smith*, 974 F.2d at 1059-60.

8                   2.       Deliberate indifference

9       Once a plaintiff alleges facts to show the existence of a serious medical need, he must also

10  allege facts sufficient to support a finding the defendants responded to that need with deliberate

11  indifference.  *Farmer*, 511 U.S. at 834.  Where deliberate indifference relates to medical care, "[t]he

12  requirement of deliberate indifference is less stringent . . . than in other Eighth Amendment contexts

13  because the responsibility to provide inmates with medical care does not generally conflict with

14  competing penological concerns." *Holliday v. Naku*, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal.

15  June 26, 2009) (citing *McGuckin*, 974 F.2d at 1060).  Generally, deliberate indifference to serious

16  medical needs may be manifested in two ways: "when prison officials deny, delay, or intentionally

17  interfere with medical treatment, or . . . by the way in which prison physicians provide medical care."

18  *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

19                   a.       *Officer Garza*

20      Plaintiff asserts he was returned to a medical clinic after the accident, and he does not allege

21  there was a delay in returning him to the clinic.  Further, though Garza said Plaintiff was "fine" when

22  he was talking to the nurse, there are no facts from which it can be inferred that Garza interfered with

23  his treatment.  Therefore, Plaintiff fails to state a claim for failure to provide adequate medical care by

24

25      [2] In the First Amended Complaint, Plaintiff alleged that during the accident, he "was thrown forcefully into the interior security cage face first injury [his] right shoulder and head…"  (Doc. 8 at 5)

26      [3] Plaintiff does not allege in either the First or Second Amended Complaints that he reported having pain in his groin to Dr. Chang or that he was having pain in his groin when he was examined

27  after the accident.  Rather the First Amended Complaint admits that he did not complain of pain in his groin until the end of the end and/or the beginning of the next year—six or more months after the

28  transport.  Thus, the Court has serious concerns that this medical condition is not related to the car accident.

Garza. *See Hutchinson*, 838 F.2d at 393-94.

     *b. Dr. Chang*

  According to Plaintiff, Dr. Chang examined Plaintiff but "did not see any signs of blood only bruises." (Doc. 13 at 11)  Plaintiff contends Dr. Chang erred in determining he was fine and telling him "to shake it off," because over a year later a surgery was required. (*Id.* at 11-12)

  Significantly, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  Accordingly, the Ninth Circuit has determined a prisoner must allege "the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *See Toguchi*, 391 F.3d at 1058 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

  Here, Plaintiff fails to allege facts sufficient to support a conclusion that Dr. Chang was aware of a significant risk of harm to Plaintiff's health.  Rather, Plaintiff alleges Dr. Chang examined him and did not see any blood.  (Doc. 13 at 11)  There are no facts that Dr. Chang was aware Plaintiff would continue to suffer pain, or that Plaintiff would require surgery in the future, for a groin injury that he did not report to Dr. Chang.  Consequently, Plaintiff fails to allege facts sufficient to support a conclusion that the treatment he received was "medically unacceptable" and disregarded a risk to Plaintiff's health.  *See Toguchi*, 391 F.3d at 1058.  As a result, Plaintiff fails to state a cognizable claim against Dr. Chang for a failure to provide adequate medical care.

### C. Liability of Warden Sherman

  It appears Plaintiff seeks to state a claim against Sherman as the Warden of Corcoran State Prison, and the supervisor of Officer Garza.  However, the supervisor of an individual who allegedly violated a plaintiff's constitutional rights is not made liable for the violation simply by virtue of that role.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978); *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  As the Ninth Circuit explained, "a supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d, 1040, 1045 (9th Cir. 1989).

Thus, liability under Section 1983 arises only upon a showing of personal participation.

Here, there are no facts alleged supporting a conclusion that Sherman was personally involved in the alleged constitutional violations. To the contrary, Plaintiff does not allege Sherman was present during the transport, at the time of the accident, or at the medical clinic. Further, there are no facts supporting a conclusion that Sherman directed the violations or knew that Garza drove in a reckless manner, such that he could have acted to prevent a threat to Plaintiff's personal safety. Thus, Plaintiff fails to state cognizable claims for violations of the Eighth Amendment against Warden Sherman.

**VI.    Conclusion and Order**

Plaintiff will be given **one final** opportunity to file an amended complaint curing the factual deficiencies identified in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The **Court is growing concerned that Plaintiff is not being honest in his pleadings in light of the differences between the First and Second Amended Complaints. The Court strongly admonishes Plaintiff that he SHALL make only truthful allegations.**

Rather than amend the complaint again, Plaintiff may notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on his claim against Officer Garza. If he takes this approach, the Court will dismiss the other claims and defendants, and issue a summons to defendant Garza only.

If Plaintiff chooses to file an amended pleading, the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint." Plaintiff is reminded that the Court cannot refer to a prior pleading, and that after an amended complaint is filed, the other pleadings no longer serve any function in the case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (explaining that as a general rule, an amended complaint supersedes the original complaint). Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567.

Based upon the foregoing, the Court **ORDERS**:

1.    **Within 21 days** from the date of service of this order, Plaintiff **SHALL**:

      a.    File a Third Amended Complaint curing the deficiencies identified by the Court in this order, **or**

10

b.    Notify the Court in writing of his willingness to proceed only on the claim for violation his right to personal safety under the Eighth Amendment by Officer Garza; and

**If Plaintiff fails to comply with this order, the action may be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **April 7, 2016**               **/s/ Jennifer L. Thurston**

                                          UNITED STATES MAGISTRATE JUDGE