# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. ORTIZ, | **Case No. 1:15-cv-01370-DAD-JLT (PC)** |
| Plaintiff, | **ORDER SETTING SETTLEMENT CONFERENCE, DENYING DEFENDANT'S REQUEST TO STAY ACTION, and GRANTING 10-DAY EXTENSION OF TIME** |
| v. | |
| B. GARZA, | |
| Defendant. | **(Doc. 41)** |

On February 6, 2017, Defendant filed a request for a settlement conference to be scheduled and requested the action be stayed, or that the deadline for service of responses to Plaintiff's discovery, due that day, be extended to March 24, 2017.  (Doc. 41.)

The Court has determined that this case would benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Kendall J. Newman to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25 on April 6, 2017 at 1:00 p.m.  A separate order and *writ of habeas corpus ad testificandum* will issue approximately a month prior to that date.

However, Defendant provides no basis for waiting until the day before discovery responses were due to ask for an extension, other than an implied belief that the case will settle and that many of Plaintiff's requests "are objectionable."  This does not amount to good cause. Thus, Defendant is given a 10 day extension of time to respond to Plaintiff's outstanding

discovery. Alternatively, within that same time, Defendant may contact Plaintiff to secure a longer extension of time or may file a motion showing good cause for the extension.  In accordance with the above, the Court **ORDERS**:

1. This case is set for a settlement conference before Magistrate Judge Kendall J. Newman on April 6, 2017 at 1:00 p.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25;

2. A representative with full authority to negotiate and enter into a binding settlement on the defendant's behalf shall attend in person[1];

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date;

4. Defendant is granted **10 days** from the date of service of this order to respond to Plaintiff's outstanding discovery; alternatively, within that same time, Defendant may secure further extension from Plaintiff or file a renewed motion provided that the it demonstrates good cause for the extension of time.

IT IS SO ORDERED.

Dated:   __February 8, 2017__              ____/s/ Jennifer L. Thurston__
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28