# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. ORTIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. GARZA,<br><br>　　　　Defendant. | Case No. 1:15-cv-01370-DAD-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VOID SETTLEMENT FOR LACK OF JURISDICTION**<br><br>**(Doc. 41)** |

**I.　Procedural History**

The parties filed a stipulation to dismiss this action with prejudice pursuant to Fed.R.Civ. P.41 (a)(1). (Docs. 52. 53.) More than three months after the Court closed the action, Plaintiff filed a motion to void the settlement based on "trickery and misrepresentation." (Doc. 54.) Because this Court lacks jurisdiction to consider the motion, it is **DENIED**.

**II.　Discussion and Order**

Plaintiff asserts that his July 20, 2017 inmate statement account noted that "STMNT Check 07-676655 of $1,904.76" had been deposited into his trust account. However, that same amount was noted removed and applied to his restitution that same day. Further, Plaintiff states that the case settled for $2,000.00, so $95.24 was missing from the settlement payment. Plaintiff asserts that the CDCR is only allowed to take 55% of his settlement towards his restitution debt. Thus, Plaintiff feels he was tricked into the settlement by misrepresentation.

1

### A. Jurisdiction

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute, and it is presumed that a cause lies outside this limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994) (quotation marks and citations omitted). The enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and it requires its own basis for jurisdiction. *Kokkonen*, 511 U.S. at 378 (quotation marks omitted). A court may exercise ancillary jurisdiction to enforce a settlement agreement only where the settlement order incorporates the settlement terms, or retention jurisdiction is express. *Kokkonen*, 511 U.S. at 378; *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007); *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87-88 (9th Cir. 1997); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995). Plaintiff fails to provide a copy of the settlement agreement, or any basis upon which to find that the Court has jurisdiction to enforce it. Consequently, Plaintiff's motion must be denied.

Further, Plaintiff asserts that the CDCR wrongly applied his settlement proceeds to his restitution debt. However, the CDCR was not a party to this action and this Court has no jurisdiction over it herein. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). This action is simply not the proper vehicle for the relief Plaintiff seeks. However, Plaintiff's distress over the discrepancies raised in his motion is understandable. Thus, the Warden and the Litigation coordinator at SATF are requested to look into the matter and provide an explanation to Plaintiff. Though Plaintiff is not precluded from seeking relief in the proper forum, this case shall remain closed. Even if jurisdiction were not lacking, Plaintiff fares no better under Rule 60 of the Federal Rules of Civil Procedure.

### B. Fraud

Plaintiff's motion may be read to asserts that his agreement to the settlement was induced by fraud under Rule 60(b)(3). "Courts have inherent equity power to vacate judgments obtained by fraud." *Hendricks & Lewis PLLC, v. Clinton*, 766 F.3d 991, 1000 (9th Cir. 2014) quoting

*United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)); *see also Dixon v. Comm'r*, 316 F.3d 1041, 1046 (9th Cir.2003) ("Courts possess the inherent power to vacate or amend a judgment obtained by fraud on the court."). This power should be exercised "with restraint and discretion," *Chambers*, 501 U.S. at 44, and only when the fraud is established "by clear and convincing evidence," *England v. Doyle*, 281 F.2d 304, 310 (9th Cir.1960).

However, "not all fraud is fraud on the court." *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct "prejudiced the opposing party," but whether it " 'harm[ed]' the integrity of the judicial process." *Hendricks*, 766 F.3d at 444, quoting *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir.1989). Fraud on the court involves "far more than an injury to a single litigant." *Id.*, quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1976). One asserting fraud as a basis to void a judgment must show that the complained of act prevented "the judicial process from functioning in the usual manner." *Hendricks*, 766 F.3d at 445. Non-disclosure of evidence is typically not enough to constitute fraud on the court so as to warrant vacating a judgment. *Id.* Even perjury by a party or witness by itself, is not normally fraud on the court. *Id.*

Plaintiff's assertions pertaining to compliance/non-compliance with the terms of the settlement arrived at in this action do not amount to a fraud on the court to justify relief from the judgment entered thereon. Rather, they raise construction and enforcement issues pertaining to the settlement agreement which is "governed by principles of local law which apply to interpretation of contracts generally." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir.1992). Plaintiff's remedy for his dispute over payment of the settlement proceeds is found under the laws of the State of California.

///

///

///

Accordingly, Plaintiff's motion to void the settlement agreement in this action (Doc. 54), is **DENIED**; the Clerk of the Court is directed to forward a copy of this order and Plaintiff's motion to the Warden and Litigation Office at SATF.

IT IS SO ORDERED.

Dated: __**August 3, 2017**__            __**/s/ Jennifer L. Thurston**__
                                                                 UNITED STATES MAGISTRATE JUDGE